**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000036
22-AUG-2014
09:40 AM**

NO. CAAP-12-0000036

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET
SECURITIES CORPORATION TRUST 2006-WF1, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF MAKAHA VALLEY PLANTATION,
Defendant-Appellant
and
JOHN ROBERT BAUTISTA; MAUREEN PALANGGOY BAUTISTA; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2489-10)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Association of Apartment Owners of
Makaha Valley Plantation (AOAO) appeals from an "Order on
Commissioner's Motion for Instructions" (Order re Commissioner's
Motion) filed on September 28, 2011, and an "Order Denying [the
AOAO's] Motion for Reconsideration of Order on Commissioner's
Motion for Instructions and/or for Certification Pursuant to
[Hawai'i Rules of Civil Procedure Rule] 54(b)" (Order Denying

Reconsideration) filed on December 15, 2011, in the Circuit Court of the First Circuit (circuit court).[1]

Both orders stem from the AOAO's assertion of a right to recover outstanding common expenses, owed on a condominium unit, by way of a special assessment authorized by Hawaii Revised Statutes (HRS) § 514B-146(g) (2006) against a person who purchases the unit in a judicial foreclosure. Here, in the Order re Commissioner's Motion, the circuit court ruled that, under HRS § 667-3 (1993), the AOAO's nonjudicial foreclosure on the unit extinguished its right to collect the special assessment from a purchaser. On appeal, the AOAO asserts the circuit court erred in relying on HRS § 667-3 because at the time of the AOAO's foreclosure, the statute did not apply to nonjudicial foreclosures or special assessments.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we vacate the Order re Commissioner's Motion and the Order Denying Reconsideration.

**I. Background**

In October 2009, Plaintiff-Appellee U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-WF1 (U.S. Bank), initiated judicial foreclose proceedings on a condominium unit located in Wai'anae, Hawai'i (Unit) pursuant to a mortgage executed by the unit owners, John Robert Bautista and Maureen Palanggoy Bautista. Nearly a year later, the AOAO filed a "Notice of Lien and Notice of Special Assessment Lien" (Notice) on the Unit in the Office of Assistant Registrar of the Land Court of the State of Hawai'i (Land Court) (Doc. No. 4004350). The Notice identified two separate liens: one for "[a]mounts assessed and unpaid up to and including September 21, 2010 are $6,660.56[;]" and another for a special assessment lien pursuant to HRS § 514B-146 (2006 and 2009

---

[1] The Honorable Bert I. Ayabe presided.

2

Supp.), "being the total amount of unpaid regular monthly common assessments during the six months immediately preceding the completion of a judicial or non-judicial power of sale foreclosure, however, the amount of such special assessment will not exceed $3,600.00."

While U.S. Bank's judicial foreclosure proceeding was pending, the AOAO conducted a nonjudicial foreclosure on the Unit as authorized under HRS § 514B-146. On January 11, 2011, the AOAO filed in the Land Court an affidavit of nonjudicial foreclosure under power of sale (Doc. No. 4037895) which provides that the AOAO acquired title to the Unit subject to U.S. Bank's mortgage.

Subsequently, U.S. Bank conducted a public auction in its judicial foreclosure at which it was the high bidder. At the hearing on the motion to confirm the sale, bidding was reopened and Jimmy Wu (Wu) submitted the highest bid. On June 20, 2011, the circuit court entered an order that *inter alia* confirmed the sale of the Unit to Wu. While the sale of the Unit to Wu was in escrow, the AOAO asserted a right to a special assessment in the amount of $5,519.32. Johnson S. Chen, acting commissioner in the judicial foreclosure, filed a motion with the circuit court requesting instruction on what to do with the AOAO's request for payment of a special assessment. The circuit court ruled that, pursuant to HRS § 667-3, the AOAO extinguished all of its claimed liens on the Unit when it purchased the Unit at its own nonjudicial foreclosure.

## II. Special Assessment

The AOAO asserts that the circuit court erred because the version of HRS § 667-3 effective at the time of the AOAO's foreclosure did not apply to nonjudicial foreclosures and did not extinguish subsequent special assessments.

3

U.S. Bank responds that HRS § 667-3 expressly provides that the AOAO extinguished all other liens on the Unit.[2] However, U.S. Bank concedes that if HRS § 667-3 does not apply, the AOAO has the statutory right pursuant to HRS § 514B-146(g) to seek a special assessment from a purchaser of the Unit at the judicial foreclosure.

> Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard.
>
> Our statutory construction is guided by the following well established principle[]:
>
>> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.

Lingle v. Hawaii Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai‘i 178, 183, 111 P.3d 587, 592 (2005) (citation omitted).

We agree with the AOAO that at the time of the AOAO's nonjudicial foreclosure, the applicable version of HRS § 667-3 did not preclude the AOAO's subsequent recovery of a special assessment. The nonjudicial foreclosure was completed once the affidavit was filed with the Land Court. See HRS §§ 667-5 to -10 (1993 and 2010 Supp.). The AOAO filed its affidavit on January 11, 2011. At that time, HRS § 667-3 did not contain any language whereby a nonjudicial foreclosure extinguished liens. It read, in pertinent part, "[m]ortgage creditors shall be entitled to payment according to the priority of their liens, and not pro rata; and judgments of foreclosure shall operate to extinguish the liens of subsequent mortgages of the same property, without forcing prior mortgagees to their right of recovery." HRS § 667-3 (emphasis added). Judgments of

---

[2] U.S. Bank also seems to argue that the AOAO already foreclosed on the special assessment lien through its nonjudicial foreclosure, thus precluding its subsequent assertion of a right to collect. However, U.S. Bank contradictorily concedes in briefing that the AOAO's right to collect from Wu (or any subsequent purchaser) had not arisen as of the time of the AOAO's nonjudicial foreclosure. U.S. Bank does not explain how the AOAO could have foreclosed on a special assessment lien prior to a legal right to collect a special assessment. Thus, U.S. Bank defeats its own argument.

4

foreclosure are entered in *judicial* foreclosures and are not part of a nonjudicial foreclosure. See HRS §§ 667-1, -5 (1993 & Supp. 2010). Additionally, HRS § 667-3 only extinguished mortgage liens, and the AOAO's lien pursuant to HRS § 514B-146 is not based on a mortgage, but rather outstanding common expenses owed on the Unit. See HRS § 514B-146; HRS § 667-40 (2013 Supp.). Therefore, the circuit court erred in relying on HRS § 667-3 as constituted at the time of the AOAO's nonjudicial foreclosure.[3]

As stated above, U.S. Bank admits that if HRS § 667-3 does not apply, the AOAO had the right to collect the special assessment from the judicial foreclosure purchaser of the Unit. Both parties appear to agree that the AOAO's right to a special assessment arose under HRS § 514B-146(g)(2). At the time relevant to this case, HRS § 514B-146(g) read in pertinent part:

> (g)     Subject to this subsection, and subsections (h) and (i), the board may specially assess the amount of the unpaid regular monthly common assessments for common expenses against the person who, in a judicial or nonjudicial power of sale foreclosure, purchases a delinquent unit; provided that:

---

[3]     U.S. Bank correctly points out that as of May 5, 2011 (2011 Haw. Sess. Laws Act 48, § 45 at 117), HRS § 667-3 was amended as follows:

> §667-3 Proceeds, how applied.  Mortgage and other creditors shall be entitled to payment according to the priority of their liens, and not pro rata; and judgments of foreclosure and foreclosures by power of sale that are conducted in compliance with this part and for which an affidavit is recorded as required under section 667-5 shall operate to extinguish the liens of subsequent mortgages and liens of the same property, without forcing prior mortgagees or lienors to their right of recovery.  The surplus after payment of the mortgage foreclosed, shall be applied pro tanto to the next junior mortgage [,] or lien, and so on to the payment, wholly or in part, of mortgages and liens junior to the one assessed.

2011 Haw. Sess. Laws Act 48, § 16 at 103.  However, the AOAO filed its affidavit finalizing the nonjudicial foreclosure on January 11, 2011, prior to the amendment of HRS § 667-3.  It is a "well-established rule of construction" that statutes apply retroactively only with clearly expressed legislative intent.  Yamaguchi v. Queen's Med. Ctr., 65 Haw. 84, 89, 648 P.2d 689, 693 (1982).  The legislature expressed no such intent in this instance.

Further, we note that in 2012, the legislature again amended HRS § 667-3 to delete the language providing that "foreclosures by power of sale" extinguish the liens of subsequent mortgages and liens of the same property. 2012 Haw. Sess. Laws Act 182, § 12 at 658-59.

5

. . . .

> (2)     . . . the mortgagee or subsequent purchaser may require <u>the association to provide</u> at no charge <u>a notice of the association's intent to claim lien against the delinquent unit for the amount of the special assessment</u>, prior to the subsequent purchaser's acquisition of title to the delinquent unit. The <u>notice shall state the amount of the special assessment</u>, how that amount was calculated, and the legal description of the unit.

Emphasis added.   The legislature included the notice provision because "[it] is only fair, [to require the association to] provid[e] the purchaser with actual notice of the total amount of the delinquencies."   2000 Haw. Sess. Laws Act 39, § 1 at 69.

The AOAO's notice of special assessment lien served as notice of "an intent to claim lien against the delinquent unit" in an amount not to exceed $3,600.00.   The stated ceiling of $3,600.00 was in line with the version of HRS § 514B-146 in effect at the time the lien was filed (September 30, 2010).   <u>See</u> HRS § 514B-146(h).   The legislature subsequently raised the limit on special assessments to $7,200 effective on May 5, 2011, <u>see</u> 2011 Haw. Sess. Laws Act 48, §§ 14 & 45, at 103, 117, but the AOAO did not amend its notice.   The AOAO only gave notice of a special assessment "not [to] exceed $3,600.00[,]" and thus should be limited to collecting up to that amount.

In sum, therefore, the circuit court erred in concluding that HRS § 667-3 precluded recovery of the special assessment in this case.   The AOAO properly asserted a right to collect a special assessment from the purchaser of the Unit via U.S. Bank's judicial foreclosure, but only in an amount "not [to] exceed $3,600.00."

## III.  Conclusion

For the foregoing reasons, we vacate the "Order on Commissioner's Motion for Instructions" filed on September 28, 2011, and the "Order Denying [the AOAO's] Motion for Reconsideration of Order on Commissioner's Motion for Instructions and/or for Certification Pursuant to [Hawai'i Rules of Civil Procedure Rule] 54(b)" filed on December 15, 2011, in

the Circuit Court of the First Circuit. We remand for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, August 22, 2014.

On the briefs:

Christian P. Porter
R. Laree McGuire
(Porter McGuire Kiakona &
   Show, LLP)
for Defendant-Appellant

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice &
   Nervell)
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Ginoza*

Associate Judge